JAMES CORNELL *et al.*, Surviving Partners, *vs.* SAMUEL CLARK, Administrator.

Pub. Stat. R. I. cap. 186, § 12, allowing the creditor of an insolvent decedent to bring his action within sixty days after the report of the commissioners rejecting the claim has been received, makes an exception to Pub. Stat. R. I. cap. 189, § 9, which provides that no action shall be brought against an executor or administrator within one year after administration granted.

ASSUMPSIT. On demurrer to the declaration and on demurrer to a special plea.

*May* 7, 1890. DURFEE, C. J. Pub. Stat. R. I. cap. 186, § 12, provides that any creditor of the estate of a deceased person, represented insolvent, whose claim against it, duly presented to the commissioners thereon, has been wholly or in part rejected by them, may have the same determined at common law, in case he shall give notice thereof, in writing, in the office of the clerk of the Probate Court within forty days, and bring and prosecute his action

within sixty days after the report of the commissioners has been received. The plaintiffs have brought this action as such creditors under said § 12, in accordance with the terms thereof. Pub. Stat. R. I. cap. 189, § 8, provides that no action shall be brought against any executor or administrator, giving due notice of his appointment, within one year after such notice. This action was brought within the year so allowed to the defendant, the commissioners' report having been received more than sixty days before the year expired. The defendant contends that the action cannot be maintained, being prohibited by said § 8. But the action is secured to the plaintiffs by said § 12; and therefore the question is, whether said § 8 shall be held to override and defeat said § 12 in a case like this, or whether § 12 shall be held to create an exception to § 8 in favor of the creditors provided for by § 12. Whenever the two sections come into conflict, we think it very clear that the latter alternative should prevail. Said § 8 gives a rule in regard to creditors generally; said § 12 provides specially for particular creditors, or for creditors under particular circumstances; and, according to a customary canon of construction, when the law descends to particulars, the special provision, if incompatible with the general rule, should be construed as an exception to it. "*In toto jure, generi per speciem derogatur, et illud potissimum habetur, quod ad speciem directum est.*" L. 80, D. De Div. Reg. Jur. 50, 17. Potter's Dwarris on Statutes, pp. 110, 117, 272, 273; Bishop on the Written Law, §§ 64, 112.

The defendant's demurrer to the declaration is overruled. The plaintiff's demurrer to the defendant's special plea setting up said § 8 in bar is sustained and said plea overruled.

*Simon S. Lapham*, for plaintiffs.

*Joseph C. Ely*, for defendant.